IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

F I L E D
OCT - 3 2008
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:08cr258 |
| | ) | |
| BENJAMIN TYLER MOSER, | ) | |
| Defendants. | ) | |

## ORDER

Following defendant's plea of guilty to Count Two of the Indictment (Travel with Intent to Engage in Illicit Sexual Contact), which plea the Court accepted, defendant moved for release pending sentencing, citing the presence of exceptional reasons under 18 U.S.C. § 3145(c).

18 U.S.C. § 3143(a)(2) mandates incarceration unless, under 18 U.S.C. § 3145(c), "it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." Courts have consistently interpreted "exceptional reasons" to mean "circumstances that are 'clearly out of the ordinary, uncommon, or rare.'" *United States v. Sharp*, 517 F. Supp. 2d 462, 464 (D.D.C. 2007) (quoting *United States v. Koon*, 6 F.3d 561, 563 (9th Cir. 1993); *see also United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991) (stating that "exceptional reasons" refer to "a unique combination of circumstances giving rise to situations that are out of the ordinary").

The sole exceptional reason cited by defendant is found in two letters from defendant's treating therapist. Distilled to their essence, these reports—which are to be maintained under seal—state that defendant has made progress in therapy and would benefit from weekly sessions until sentencing. This falls far short of an exception reason.

Accordingly, for these reasons, and for the reasons stated from the Bench,

It is hereby **ORDERED** that defendant's motion for release pending sentencing is **DENIED**.

The Clerk is directed to send a copy of this Order to all counsel of record.

Alexandria, Virginia
October 3, 2008

_____
T. S. Ellis, III
United States District Judge